ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A),[1] the Office of Disciplinary Counsel (“ODC”) has filed a motion for reciprocal discipline against respondent, Douglas Lee Nicholson, an attorney licensed to practice law in the States of Louisiana and California, based upon discipline imposed by the Supreme Court of California.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In July 2004, respondent and the Office of the Chief Trial Counsel of the State Bar of California entered into a consent discipline proceeding. In connection with that proceeding, respondent stipulated as follows:

The Client Trust Account Matters

1. Between July 1, 2002 and July 31, 2002, respondent repeatedly issued checks drawn on his client trust account to pay for his personal or business expenses (total $2,320). Respondent deposited and maintained earned fees and personal funds in the account in order to issue these checks. Respondent stipulated that this conduct | ^constituted commingling of client funds with his own, in violation of Rule 4-100(A) of the California Rules of Professional Conduct.
*833 2. Over a two-week period in July 2002, respondent wrote ten checks from his client trust account that were either paid against insufficient funds or returned due to insufficient funds (total $1,270). Respondent issued these checks when he knew or should have known with reasonable diligence that there were insufficient funds in his client trust account to pay the checks. Respondent stipulated that by repeatedly issuing the NSF checks, he committed acts involving moral turpitude, dishonesty, or corruption, in violation of section 6106 of the California Business and Professions Code.
3. Over a two-week period in August 2002, respondent repeatedly issued checks drawn on his client trust account to pay for his personal expenses at the San Manuel Indian Bingo Casino (total $2,300), as well as to pay for other personal or business expenses (total $932.73). Furthermore, between July 29, 2002 and August 31, 2002, respondent repeatedly issued checks drawn on his client trust account to pay for his personal expenses at the Pechanga Casino (total $4,400). Respondent maintained earned fees and personal funds in the account in order to issue these checks. Respondent stipulated that this conduct constituted commingling of client funds with his own, in violation of Rule 4-100(A) of the California Rules of Professional Conduct.
4. Between July 29, 2002 and August 31, 2002, respondent issued a series of checks from his client trust account that were either paid against insufficient funds or returned due to insufficient funds. Several checks were presented for payment repeatedly before they were finally paid. Respondent issued these checks when he knew or should have known with reasonable diligence that there were insufficient | o,funds in his client trust account to pay the checks. Respondent stipulated that by repeatedly issuing the NSF checks, he committed acts involving moral turpitude, dishonesty, or corruption, in violation of section 6106 of the California Business and Professions Code.
6. Between August 28, 2002 and September 30, 2002, respondent repeatedly issued checks drawn on his client trust account to pay for his personal expenses at the Pechanga Casino (total $5,000). Respondent maintained earned fees and personal funds in the account in order to issue these checks. Respondent stipulated that this conduct constituted commingling of client funds with his own, in violation of Rule 4-100(A) of the California Rules of Professional Conduct.
6. Between August 28, 2002 and September 30, 2002, respondent issued a series of checks from his client trust account that were either paid against insufficient funds or returned due to insufficient funds. Several checks were presented for payment repeatedly before they were finally paid. Respondent issued these checks when he knew or should have known with reasonable diligence that there were insufficient funds in his client trust account to pay the checks. Respondent stipulated that by repeatedly issuing the NSF checks, he committed acts involving moral turpitude, dishonesty, or corruption, in violation of section 6106 of the California Business and Professions Code.
7. Respondent failed to- cooperate or participate in any way in the investigation by the State Bar of the matters set forth above. Respondent stipulated that this conduct constituted a willful violation of section 6068® of the California Business and Professions Code.
| /The Schaffstein Matter
In May 1999, Kathy Schaffstein retained respondent to represent her parents, Joseph and Frances Randazzo, in a pending legal matter. In September 2001, respon *834 dent borrowed $1,000 from Frances and Kathy, and -in April 2002, he borrowed $3,000 from Kathy’s brother, Frank Ran-dazzo. Respondent agreed to repay both loans within one year. He also agreed to pay Frank $300 in interest on his loan and a $200 “referral fee” for Frank’s referral of a client to respondent. Respondent stipulated that by entering into business transactions with Frances, Kathy, and Frank without complying with the requirements that (a) the transaction and its terms were fair and reasonable to the clients, (b) the transaction and its terms were fully disclosed and transmitted in .writing to the clients in a manner which should reasonably have been understood by the client, (e) the clients were advised in writing that the clients could seek the advice of an independent lawyer of the clients’ choice, (d) the clients were given a reasonable opportunity to seek that advice, and (e) the clients thereafter consented in writing to the terms of the transaction, he willfully entered into two prohibited business transactions with clients, in violation of Rule 3-300 of the California Rules of Professional Conduct. Respondent further stipulated that his agreement to pay Frank a $200 “referral fee” constituted a violation of Rule 1-320(B) of the California Rules of Professional Conduct. Finally, respondent stipulated that he failed to cooperate in the investigation by the State Bar of the Schaffstein matter.

The Casian Matter

Fiorina Casian retained respondent to represent her in a personal injury matter. Respondent hired a paralegal, Alvaro Mel-lo, to communicate with Ms. Casian during the pendency of her case, in part, because she speaks Spanish, which respondent does | ¿not speak. Respondent did not meet with Ms. Casian during the pendency of her ease, and did not take steps to prevent Mr. Mello from holding himself out as an attorney in his dealings with Ms. Casian. Respondent stipulated that he willfully failed to perform legal services with competence in the Casian matter, in violation of Rule 3-110(A) of the California Rules of Professional Conduct.
The parties acknowledged that respondent’s misconduct caused significant harm to a client, the public, or the administration of justice. In mitigation, the parties agreed that respondent has no prior record of discipline since he was admitted to the California bar in 1987, and that he was suffering from extreme emotional difficulties which expert testimony would establish were directly responsible for the misconduct.
Under these circumstances, the parties agreed that respondent shall be suspended from the practice of law in California for a period of three years, which suspension shall be stayed, and that he shall be placed on probation for five years[2] on condition that he be actually suspended for two years and until he has shown proof satisfactory to the State Bar Court of his rehabilitation, fitness to practice law, and learning and ability in the law, and until he pays restitution to Kathy Schaffstein. By order dated July 28, 2004 and filed on August 3, 2004, the Hearing Department of the State Bar Court approved the stipulated facts and disposition with minor modifications and recommended discipline to the California Supreme Court.
*835 On December 3, 2004, the Supreme Court of California entered judgment as follows:
It is ordered that DOUGLAS LEE NICHOLSON, State Bar No. 129508, be suspended from the practice of law for three years and until he complies with the requirements ofj (¡standards 1.4(c)(ii), as set forth more fully below, that execution of the suspension be stayed, and that he be placed on probation for five years on condition that he be actually suspended for two years and until he has shown proof satisfactory to the State Bar Court of his rehabilitation, fitness to practice and learning and ability in the general law pursuant to standard 1.4(c)(ii) of the Standards for Attorney Sanctions for Professional Misconduct. Douglas Lee Nicholson is further ordered to comply with the other conditions of probation, including restitution, recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed on August 3, 2004....
The court further ordered respondent to take and pass the Multistate Professional Responsibility Examination during the period of his actual suspension, and awarded costs to the State Bar. In re Douglas Lee Nicholson on Discipline, No. S128018 on the docket of the Supreme Court of California.
By order of this court dated February 16, 2005, respondent was given thirty days pursuant to Supreme Court Rule XIX, § 21(D)[3] to show why the imposition of | discipline in this state would be unwarranted. Respondent filed a timely response but acknowledged that he cannot raise any defense to the imposition of reciprocal discipline.
DISCUSSION
The imposition of reciprocal discipline against respondent based upon the California judgment is clearly appropriate under the facts of this case. Respondent’s pleading in this court fails to demonstrate that the imposition of identical discipline in Louisiana would be unwarranted, and there is no suggestion of such upon the face of the record before us. Moreover, there is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that it involves multiple counts of commingling of client funds and writing NSF checks on his trust account, among other serious misconduct.
Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.[4]'
*836 DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Douglas Lee Nicholson, Louisiana Bar Roll number 9996, be suspended from the practice of law in Louisiana for a period of two years. It is further ordered that respondent shall comply with the conditions set forth by the Supreme Court of California in its order | (¡imposing discipline in In re Douglas Lee Nicholson on Discipline, No. S128018 on the docket of the Supreme Court of California.

. Supreme Court Rule XIX, § 21(A) provides: Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. The substantive conditions of probation include a requirement that respondent attend the State Bar Ethics School and the State Bar Client Trust Accounting School, and take and pass the examination given at the end of the sessions. He is also required to attend no less than 16 additional hours of continuing legal education courses in law office management, attorney client relations, and/or general legal ethics.

. Supreme Court Rule XIX, § 21(D) provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.

. The California judgment appears to impose what is essentially a five-year suspension, with all but two years deferred. Because this court's rules do not permit a suspension in *836 excess of three years, see Supreme Court Rule XIX, § 10(A)(2), the closest Louisiana equivalent to the California sanction is a two-year period of actual suspension. Accordingly, we will suspend respondent from the practice of law in Louisiana for two years.